JOSEPH, HERZFELD, HESTER
& KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
233 Broadway, 5th Floor
New York, New York 10279
(212) 688-5640

*Attorneys for Plaintiff*

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ APR 15 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------x

ESTHER PARSHAN,

          Plaintiff,

- against -

SOLOMON SCHECHTER SCHOOL
OF QUEENS,

          Defendant.
--------------------------------x

CV 11 - 1851
Index No.

COMPLAINT

JURY TRIAL DEMANDED

BLOCK, J.

REYES, M.J

Plaintiff Esther Parshan ("Plaintiff"), by her attorneys, Joseph, Herzfeld, Hester & Kirschenbaum LLP, alleges:

### NATURE OF THE CASE

1. This action is brought against Defendant Solomon Schechter School of Queens ("SSSQ" or "Defendant") pursuant to the Americans with Disabilities Act ("ADA"); the Age Discrimination in Employment Act ("ADEA"); New York Human Rights Law ("NYSHRL"), N.Y Exec. Law § 296; and New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107 *et seq* ("NYCHRL") for age and disability discrimination and retaliation.

2. A copy of this Complaint will be provided to the New York City Commission on Human Rights.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the Title VII, ADA and ADEA claims pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

4. This Court has supplemental subject matter jurisdiction over the NYSHRL and NYCHRL claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5(f)(3), because Defendant has offices, conducts business, and can be found in this District, and because the causes of action arose and the acts and omissions complained of occurred in this district.

## PARTIES

6. Plaintiff Esther Parshan resides in New York.

7. Plaintiff is 75 years old and has a heart condition, a dislocated hip, and a weak leg.

8. Defendant Solomon Schechter School of Queens ("SSSQ") is an Orthodox-Jewish school for students from pre-1A to eighth grade, located in Queens, New York.

## FACTUAL HISTORY

9. Plaintiff began working as a Judaic Studies teacher at SSSQ in 1978.

10. Plaintiff was the oldest teacher in the school at the time of her termination.

11. Plaintiff consistently received good performance evaluations and was a candidate for the Grus Teaching Award in 1999.

12. Plaintiff was a tenured teacher and a well-respected member of the Teachers' Council. In or around June 1981, Plaintiff received a tenure agreement. The most recent tenure agreement covered September 1, 2007 through August 31, 2010. The tenure agreement (Section 5d) provided that Plaintiff could not be terminated except for good cause. In reliance on her tenure agreement, Plaintiff remained with SSSQ and did not seek other employment throughout her employment as SSSQ.

13. In or around 2005, Amittai Ben Ami ("Ben Ami") began working as the Principal of Judaic Studies. Ben Ami is in his fifties.

14. Since the beginning of his hire, Ben Ami harassed Plaintiff and discriminated against her because of her age and disabilities.

15. Prior to Ben Ami's tenure, Defendant provided Plaintiff with classroom availability that minimized the number of times she would be required to use the stairs. (The school does not have an elevator.)

16. Ben Ami insisted on a schedule that required Plaintiff to move from classroom to classroom between classes, causing her to endure physical activity that is excessive for a person of her age and with her physical conditions.

17. Ben Ami increased Plaintiff's bulletin board duties and gave her additional bus duties, lunch duties, and prayer service duties.

18. Plaintiff complained to Ben Ami many times, stating that it was physically taxing on her to fulfill the additional requirements because of her age and disabilities.

19. Plaintiff also requested that the duties be assigned to some of the younger teachers who had offered to assist her.

20. Nevertheless, Ben Ami refused to accommodate Plaintiff's request and insisted that she remain assigned to the extra duties.

21. Ben Ami and headmaster Martin Mayerson ("Mayerson") also subjected Plaintiff to repeated reprimands and write-ups for fictitious and/or petty infractions, many of which go to the heart of the accommodations Plaintiff asked for.

22. On or around November 29, 2009, Ben Ami wrote Plaintiff up for failing to report to bus duty.

23. On the day in question, Plaintiff arrived several minutes late because it was difficult for her to go down the stairs in the five minutes between her last class and the bus duty.

24. Ben Ami regularly reprimanded Plaintiff for arriving late to bus duty. However, Plaintiff arrived late on very few occasions and those occasions were due to her difficulty getting downstairs.

25. Mayerson and Ben Ami unfairly insisted that Plaintiff end her class at 3:15 pm *and* have her class of fourth graders dressed in their winter clothing, with all of their belongings put away, and escorted down three flights of stairs to arrive at the dismissal area at 3:15 pm, a task that is nearly impossible for any teacher.

26. The majority of teachers either dresses their children earlier or arrives late to dismissal.

4

27. On or around January 13, 2010, Plaintiff sent a letter to Mayerson complaining of discrimination, requesting reasonable accommodations for her disabilities described above, and calling for an end to the unfounded accusations against her.

28. Plaintiff also requested a meeting with Mayerson and Ben Ami to discuss the ongoing age and disability discrimination against her.

29. After receiving Plaintiff's letter, not only did Mayerson and Ben Ami fail to properly address Plaintiff's complaint, but they also retaliated against her and began to write her up more frequently.

30. On or around April 25, 2010, Plaintiff's counsel contacted Defendant's counsel and requested four accommodations on Plaintiff's behalf: (a) that Plaintiff no longer be assigned to supervise prayer services in the mornings; (b) that Plaintiff be assigned to no more than one lunch shift per week, and during that shift she would be allowed to sit; (c) that Plaintiff no longer be assigned to bus duty; (d) that Defendant make a good faith effort to ensure that Plaintiff's classes be scheduled on one floor, so that she need not climb the stairs between classrooms several times per day.

31. Plaintiff also submitted a doctor's note stating that she should avoid excess stair-climbing.

32. Defendant refused to accommodate Plaintiff's requests, stating that they were unreasonable.

33. Plaintiff made clear that she intended to engage in an interactive process to determine what accommodations were reasonable. However, instead of engaging in an interactive process to determine whether Defendant could reasonably accommodate Plaintiff, Defendant further increased its retaliation against Plaintiff

by threatening to terminate her.

34. On or around May 21, 2010, less than one month after Plaintiff's request for accommodation, Defendant sent Plaintiff a letter stating that it was not able to renew her employment contract if Plaintiff would not discuss her request for accommodations with Defendant.

35. In response to this letter, the Parties sought the assistance of a mediator to engage in an interactive process regarding reasonable accommodations and address the discrimination and retaliation against Plaintiff.

36. The mediation was scheduled for June 8, 2010.

37. Prior to the mediation, Defendant continued to harass Plaintiff. Specifically, on or around May 26, 2010, Plaintiff received two write-ups from Mayerson.

38. The first write-up stated that Plaintiff had been sitting down throughout her lunch duty assignment instead of walking around and supervising the children.

39. This allegation was untrue; in fact, Plaintiff periodically got up to walk around the room and supervise the children.

40. Plaintiff had also repeatedly asked Mayerson and Ben Ami to accommodate her by assigning the lunch duty to a younger teacher. As there are approximately 50 teachers in the school, this was by no means an unreasonable request.

41. The second write-up concerned Plaintiff's upcoming three-day absence for the dates of May 26, May 27, and May 28, 2010. Plaintiff received permission from Mayerson and Ben Ami some months prior to be absent for two days to attend her grandson's wedding in Israel.

42. Thus, both Mayerson and Ben Ami were aware that Plaintiff would take this time

off and had given their approval months in advance.

43. That Plaintiff was written up for missing days for which Ben Ami and Mayerson explicitly allowed her to take off demonstrates their blatant retaliatory motive.

44. Moreover, according to Plaintiff's tenure contract, approved absences are paid. However, the school deducted three days from her paycheck, in violation of Plaintiff's tenure agreement.

45. On or around June 8, 2010, during the mediation, counsel for both parties discussed Plaintiff's requested accommodations at great length.

46. Throughout the mediation, Plaintiff made clear to Defendant that she was flexible and would work with SSSQ to reach a mutually agreeable accommodation.

47. Specifically, during the mediation, (a) Plaintiff modified her request regarding lunch duties to a request for permission to sit intermittently during lunch duty and standing up periodically to supervise the children; (b) Plaintiff agreed to perform prayer services duty if Defendant would allow her to call in when she arrived at work, instead of walking up to the third floor to clock in and then proceeding to the basement floor for the prayer services; and (c) Plaintiff suggested that she be assigned to a smaller bus for bus duty. The assignment Plaintiff currently held was the largest bus in the school and required more physical activity to monitor.

48. At the end of the mediation, counsel for both parties agreed to continue engaging in the interactive process regarding Plaintiff's accommodations.

49. In fact, after the mediation attorneys for both parties spoke extensively in an attempt to reach a mutually agreeable resolution.

50. However, on or around June 24, 2010, while counsel continued to discuss Plaintiff's

accommodations, Defendant terminated Plaintiff's employment.

51. Defendant stated that the decision to terminate Plaintiff was "based on a record of warnings which have not resulted in any significant improvement coupled with [Plaintiff's] stated inability to perform various teacher functions, for which no reasonable accommodations have been identified."

52. In stating that "no reasonable accommodations have been identified," Defendant unilaterally terminating the interactive process of attempting to agree on a reasonable accommodation.

53. Given (a) the increased harassment toward Plaintiff, including the additional write-ups prior to and immediately following the mediation; (b) the fact that the school did not accommodate any of Plaintiff's requests; and (c) the temporal proximity of Plaintiff's termination to her requests for a reasonable accommodation and complaints about discrimination, it is clear that Plaintiff was wrongfully terminated on the basis of her age and disabilities, and in retaliation for her complaints and requests for reasonable accommodation.

54. Defendant conceded their discriminatory motive in their letter mentioned above that they could not renew Plaintiff's contract due to her request for accommodations.

55. On information and belief, Defendant discriminated and retaliated against Plaintiff with knowledge or reckless disregard of Plaintiff's rights under the ADA, ADEA, NYSHRL, and NYCHRL.

56. As a result of Defendant's discrimination and retaliation, Plaintiff suffered severe loss of income. In addition, Plaintiff suffered severe emotional distress as a result of the hostile work environment and retaliatory discharge.

57. Within the past year, Plaintiff filed charges with the Equal Employment Opportunity Commission (EEOC), for age and disability discrimination and retaliation under the ADEA and ADA.

58. On March 1, 2011, the EEOC mailed Plaintiff a Notice of Right to Sue.

## COUNT I
## ADA – Discrimination

59. Plaintiff incorporates by reference each allegation of each preceding paragraph.

60. In violation of the ADA, Defendants intentionally discriminated against Plaintiff on the basis of her disabilities by: (a) subjecting Plaintiff to a hostile work environment that was severe or pervasive enough to alter the terms and conditions of her employment and refusing to reasonably accommodate her disabilities; and (b) discharging Plaintiff.

61. In violation of the ADA, Defendant refused to reasonably accommodate Plaintiff's disabilities and terminated her after she requested such accommodations.

62. Defendant acted with knowledge or reckless disregard of Plaintiff's rights under the ADA.

63. As a result of Defendant's discrimination, Plaintiff is entitled to monetary damages, including backpay and frontpay; compensatory damages, including those for emotional distress; punitive damages, and attorneys' fees and costs.

## COUNT II
## ADA - Retaliation

64. Plaintiff incorporates by reference each allegation of each preceding paragraph.

65. In violation of the ADA, Defendants retaliated against Plaintiff by acting in a

materially adverse way towards her because she complained about disability discrimination.

66. Defendant acted with knowledge or reckless disregard of Plaintiff's rights under the ADA.

67. As a result of Defendant's retaliation, Plaintiff is entitled to monetary damages, including backpay and frontpay; compensatory damages, including those for emotional distress; punitive damages, and attorneys' fees and costs.

## COUNT III
## ADEA – Discrimination

68. Plaintiff incorporates by reference each allegation of each preceding paragraph.

69. In violation of the ADEA, Defendants intentionally discriminated against Plaintiff on the basis of her age by: (a) subjecting Plaintiff to a hostile work environment that was severe or pervasive enough to alter the terms and conditions of her employment and refusing to reasonably accommodate her disabilities; and (b) discharging Plaintiff.

70. Defendant acted with knowledge or reckless disregard of Plaintiff's rights under the ADEA.

71. As a result of Defendant's discrimination, Plaintiff is entitled to monetary damage, including backpay and frontpay and compensatory damages, including emotional distress and liquidated.

## COUNT IV
## ADEA - Retaliation

72. Plaintiff incorporates by reference each allegation of each preceding paragraph.

73. In violation of the ADEA, Defendants retaliated against Plaintiff by acting in a materially adverse way towards her because she complained about age discrimination.

74. Defendant acted with knowledge or reckless disregard of Plaintiff's rights under the ADEA.

75. As a result of Defendant's retaliation, Plaintiff is entitled to monetary damages, including backpay and frontpay; compensatory damages, including those for emotional distress; punitive damages, and attorneys' fees and costs.

## COUNT V
## NYSHRL – Discrimination

76. Plaintiff incorporates by reference each allegation of each preceding paragraph.

77. In violation of NYSHRL, Defendant intentionally discriminated against Plaintiff on the basis of her age and disabilities by: (a) subjecting Plaintiffs to a hostile work environment that was severe or pervasive enough to alter the terms and conditions of her employment and refusing to reasonably accommodate her disabilities; and (b) discharging Plaintiff.

78. As a result of Defendant's discrimination, Plaintiff is entitled to monetary damages, including backpay and frontpay; compensatory damages, including those for emotional distress; and attorneys' fees and costs.

## COUNT VI
## NYSHRL – Retaliation

79. Plaintiff incorporates by reference each allegation of each preceding paragraph.

80. In violation of NYSHRL, Defendant retaliated against Plaintiff by acting in a materially adverse way towards her because she requested reasonable

accommodations for her disabilities and complained about age and disability discrimination.

81. As a result of Defendant's retaliation, Plaintiff is entitled to monetary damages, including backpay and frontpay; compensatory damages, including those for emotional distress; and attorneys' fees and costs.

## COUNT VII
## NYCHRL – Discrimination

82. Plaintiff incorporates by reference each allegation of each preceding paragraph.

83. In violation of NYCHRL, Defendant intentionally discriminated against all Plaintiff on the basis of her age and disabilities by: (a) subjecting Plaintiff to a hostile work environment that was severe or pervasive enough to alter the terms and conditions of her employment and refusing to reasonably accommodate her disabilities; and (b) discharging Plaintiff.

84. Defendant acted with knowledge or reckless disregard of Plaintiff's rights under the NYCHRL.

85. As a result of Defendant's discrimination, Plaintiff is entitled to monetary damages, including backpay and frontpay; compensatory damages, including those for emotional distress; punitive damages, and attorneys' fees and costs.

## COUNT VIII
## NYCHRL – Retaliation

86. Plaintiff incorporates by reference each allegation of each preceding paragraph.

87. In violation of NYCHRL, Defendant retaliated against Plaintiff by acting in a materially adverse way towards her because she requested reasonable accommodations for her disabilities and complained about age and disability

discrimination.

88. Defendant acted with knowledge or reckless disregard of Plaintiff's rights under the NYCHRL.

89. As a result of Defendant's retaliation, Plaintiff is entitled to monetary damages, including backpay and frontpay; compensatory damages, including those for emotional distress; punitive damages, and attorneys' fees and costs.

## COUNT VIIII
### Breach of Contract

90. Plaintiff incorporates by reference each allegation of each preceding paragraph.

91. Pursuant to its tenure agreement, Defendant agreed to employ Parshan as a teacher for the period of September 1, 2007 through August 31, 2010.

92. Pursuant to the tenure agreement, "a tenured teacher may only be disciplined, or terminated, by the School for just cause."

93. Plaintiff abided by Defendant's tenure agreement at all times and was terminated for reasons other than just cause.

94. Defendant breached the tenure agreement by terminating Plaintiff two months before the end of her tenured term.

95. As a result of Defendant's breach of contract, Plaintiff is entitled to monetary damage to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    A.    declaring that Defendant's actions and practices violated the ADA, the ADEA, the NYSHRL, and the NYCHRL;

    B.    permanently enjoining Defendant from engaging in actions or practices that

discriminate against any employees or job applicants because of their age and disabilities;

C. directing Defendant to make Plaintiff whole by providing her front pay, back pay, reimbursement for any and all lost benefits, and reimbursement for any and all medical expenses for injuries caused or exacerbated by Defendant;

D. directing Defendant to pay Plaintiff compensatory damages for their emotional distress caused by Defendants' discrimination and retaliation against her;

E. directing reinstatement;

F. directing Defendant to pay Plaintiff punitive and/or liquidated damages sufficient to punish and deter continuation of Defendant's unlawful employment practices;

G. awarding Plaintiff reasonable attorney's fees and costs;

H. granting additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated:   New York, New York
         April 12, 2011

Respectfully submitted,

JOSEPH, HERZFELD, HESTER
& KIRSCHENBAUM LLP

By: _____
      D. Maimon Kirschenbaum

233 Broadway, 5th Floor
New York, NY 10279

*Attorneys for Plaintiff*
